til the same shall be closed," merely carries out the enactment in section 36, before referred to. Under that provision, as said before, if the Culvers, after Penn had filed his petition here, had filed their petitions in Pennsylvania, at their residences, for an adjudication of the bankruptcy of the copartnership, this court would have had exclusive jurisdiction over all the proceedings as to the bankruptcy of the copartnership. But it was not necessary, in order to give this court jurisdiction, that the Culvers should file such petitions in Pennsylvania. The provision is inhibitory as to the court in Pennsylvania, so as to give this court exclusive jurisdiction, but it is not enabling, so as to make it requisite to the jurisdiction of this court, that such petitions should be filed in Pennsylvania.

The objections to the jurisdiction of the court are overruled, and the case will stand for hearing on the other specifications.

[NOTE. The specifications in opposition to the discharge not considered in this opinion are disposed of in Case No. 10,929. An application by the defendants in an action brought by the assignee in the state court to have an order entered in this court instructing the assignee to discontinue that case was refused. Id. 10,928.]

## Case No. 10,928.

### In re PENN et al.

[5 Ben. 500; [1] 8 N. B. R. 93.]

District Court, S. D. New York. Feb., 1872.

#### SUIT BY ASSIGNEE.

An assignee in bankruptcy had commenced a suit in a state court, to recover certain property as having been the property of the bankrupts. Specifications of opposition to the discharge of the bankrupts were filed in the bankruptcy proceedings, which were held by the court not to have been proven, and discharges were granted. Thereupon, the defendants in the state court suit applied to this court, on affidavits showing that the allegations in the bill of complaint in that suit were the same as those of the specifications, to direct the assignee to discontinue the suit in the state court: *Held*, that it was more proper that the issues involved in that suit should be disposed of on hearing in that suit, than on a motion in the bankruptcy proceedings.

[In the matter of the bankruptcy of John R. Penn, Charles V. Culver, and Lucien H. Culver. The proceedings are first reported as heard upon motion of certain creditors to have the adjudication of bankruptcy set aside. Case No. 10,926. It was next heard upon specifications filed in objection to the bankrupts' discharge. Cases Nos. 10,927 and 10,929. The discharges were granted.]

This was an application by the defendants in a suit brought by the assignee in bankruptcy in a state court, that this court would direct the assignee to discontinue the suit.

F. N. Bangs, for application.

A. B. McCalmont and R. Sewell, in opposition.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

BLATCHFORD, District Judge. I do not deem it a discreet exercise of the power of the court in this case, to direct the assignee in bankruptcy to refrain from prosecuting, and to discontinue, the suit he has brought in the state court of Pennsylvania. The grounds urged for doing so—that the allegations made in the bill of complaint in such suit are the same in substance as those stated in the specifications filed in this court, but not by such assignee, against the discharge of one of the bankrupts, which specifications were held by this court not to be proved, as matter of fact, and that the assignee in bankruptcy is bound by such decision of this court [Case No. 10,929], and that such suit was not commenced within the period of two years after the appointment and qualification of such assignee—raise grave questions, which, in my judgment, it is not seemly to dispose of in such a summary way. It is more proper that they should be determined in the plenary suit brought, if raised therein, and by the tribunal in which the suit is brought, with the provisions for review which obtain in a suit between party and party. As to the merits of the suit, if they shall be reached, it may very well be that the assignee in bankruptcy may produce evidence in his favor which was not before this court, or that, on such evidence as was before this court, the defences of a former adjudication and of the statutory limitation being overruled, the state court may regard the assignee as entitled to the relief he seeks. I cannot regard the case as one where the assignee ought to be restrained, as clearly exceeding his power or using it unreasonably. The application is, therefore, refused.

## Case No. 10,929.

### In re PENN et al.

[5 N. B. R. 288.] [1]

District Court, S. D. New York. June 6, 1871.

#### BANKRUPTCY—OPPOSITION TO DISCHARGE.

Where a bankrupt's discharge is opposed on the grounds that he has sworn falsely in the oath to his schedules, has attempted to conceal his property and has transferred certain shares of stock to one of his creditors with intent to give him a preference, a discharge will be granted where the evidence shows that he had no interest in the property in question; that the alleged transfer was made without any collusion or fraud on his part, and that the stock in question was held by a third party, free from any interest of the bankrupt.

[In the matter of John R. Penn, Charles V. Culver, and Lucien H. Culver, bankrupts. The proceedings in this case are first reported as heard upon motion of certain creditors to set aside the adjudication of bankruptcy theretofore rendered. Case No. 10,926.]

F. N. Bangs and W. S. Opdyke, for bankrupts.

[1] [Reprinted by permission.]